OPINION OF THE COURT
Renee R. Roth, S.
In this proceeding to review the reasonableness of the compensation of the corporate cotrustee (SCPA 2312), respondent First National City Bank has moved that the petition be dismissed on the ground that it fails to state a cause of action.
Petitioner, Dorothy B. Chapin, is the income beneficiary of a trust created under testatrix’ will. The principal asset of this trust is a block of stock in a listed but infrequently traded family corporation. It is undisputed that the actual value of each share exceeds its traded price. Petitioner alleges that over the years the shares have traded at between $500 and $600. In each of these years, for the purpose of statutory annual commissions, the corporate cotrustee has valued the shares at over $1,000.
The corporate cotrustee has been receiving annual commissions under SCPA 2309 (2). In relevant part that section provides: "In computing the value of the principal of the trust the trustee may use the presumptive value in respect of any principal asset or may use the actual value of the asset. On *368 the settlement of the account of the trustee any person interested may dispute the amount of any commission claimed or retained. The burden of proving that the actual value of any principal asset differs from its presumptive value is upon the trustee or other person claiming the difference.”
In computing its annual commissions, the bank has used the alleged actual value of the stock instead of its presumed or quoted value. Under the above-quoted provision, petitioner would have to challenge such valuation in a proceeding to compel an accounting which would be costly and time consuming.
Last year the Legislature enacted a special provision (L 1984, ch 936) for commissions of corporate trustees. SCPA 2312, effective August 6, 1984, permits corporate trustees of trusts of over $400,000 to set their own "reasonable” rates of commissions. A procedure for review of the reasonableness of such rates by interested persons was provided by the addition of section 2114 to SCPA article 21 ("Miscellaneous Proceedings”).
In relevant part section 2114 provides that:
"1. At any time during the administration of a testamentary or lifetime trust and irrespective of the pendency of a particular proceeding, the court may review the reasonableness of the compensation determined by the corporate trustee for the trustee’s own services * * *
"2. A proceeding may be instituted by * * * any person interested in the trust. No accounting shall be required in such proceeding.”
The Legislative history of both sections establishes that the purpose of section 2114 was to provide a miscellaneous proceeding to challenge the reasonableness of commissions fixed by a corporate trustee under the new authority of section 2312.
However, petitioner, in her present application to this court, is utilizing section 2114 to challenge a valuation placed on corporate stock by a corporate trustee which claims statutory commissions under SCPA 2309 and not reasonable commissions under the new SCPA 2312. As noted earlier, section 2309 relegates such a challenge to an accounting proceeding.
The corporate cotrustee has moved under CPLR 3211 (a) (7) to dismiss the petition on the ground that the petition, wrongly brought under SCPA 2114, fails to state a cause of action.
*369 If the petition is dismissed, Mrs. Chapin would be relegated to her statutory remedy of compelling an account — a proceeding that is unnecessary when the only issue is the valuation of a trust asset for commission purposes. Moreover, it is clear that this new provision (SCPA 2114) was enacted for the express purpose of establishing a miscellaneous proceeding instead of the cumbersome accounting proceeding when the purpose is only to challenge the reasonableness of commissions requested by a corporate trustee.
It is noted that SCPA article 21 lists a dozen miscellaneous proceedings which may be commenced independently or entertained by the court as an incident to an accounting proceeding. SCPA 202, enacted in 1966, specifically provides that the enumerated proceedings contained in the act are not exclusive: "The proceedings enumerated in this act shall not be deemed exclusive and the court is empowered in any proceeding, whether or not specifically provided for, to exercise any of the jurisdiction granted to it by this act or other provisions of law, notwithstanding that the jurisdiction sought to be exercised in the proceeding is or may be exercised in or incidental to a different proceeding. ” (Emphasis added.)
Thus, although SCPA 2309 (2) specifically provides that any dispute regarding the value placed on an asset for statutory commission purposes may be raised in the trustee’s proceeding to settle his account, it may also be raised by virtue of SCPA 202 in an independent proceeding including one not enumerated in the act.
Obviously, if an accounting proceeding is pending, the practice has been to entertain both enumerated and nonenumerated applications as an incident to the accounting. However, in this estate, the trustee has not accounted nor is there apparently any reason for an accounting at this time. Nonetheless, the issue raised by petitioner should be heard. Accordingly, notwithstanding that petitioner has commenced her proceeding under SCPA 2114, the court determines that it will be entertained as a nonenumerated miscellaneous proceeding.
This ruling disposes of the procedural issue but not the main issue, the valuation for statutory commission purposes of the stock in the trust.
Issues concerning the valuation of securities for commission purposes have rarely arisen in reported cases (cf. Matter of Fry, 30 Misc 2d 180). Generally, unlisted securities are initially valued at their appraised value for estate tax purposes *370 and rarely adjusted for the duration of the trust. Listed securities, on the other hand, are valued and revalued at their quoted market prices. Disputes regarding the difference between actual and market value have not arisen either because such a spread is not substantial or perhaps because statutory annual commission in the past have been minimal.
Since the Legislature recently substantially increased the rates of statutory annual commissions of all trustees and additionally allowed corporate trustees to set their own reasonable commissions, issues of valuation of assets of a trust may arise more frequently in the future.
The court recognizes that with any corporation, regardless of its size or whether it is privately or publicly owned, the valuation of its shares may be an expensive proceeding requiring discovery and the testimony of experts.
When the issue before the court however relates solely to commissions, such an expense is not warranted. For those parties who cannot agree, some inexpensive procedure must be devised for the future.
In this case, the court strongly suggests compromise and accordingly directs counsel to appear for a conference at 2:30 on September 9,1985.